IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Elba del Pozo-Robles**<br>*Plaintiff*<br>*v.*<br>**Dr. Juan A. Hernandez Rivera Law Offices, C.S.P.**<br>**d/b/a Juan A. Hernandez Rivera Law Offices**<br>*Defendant* | CIVIL ACTION<br>Case No. 3:18-cv-2000<br>Employment Discrimination<br>• GENDER/SEX<br>• AGE(ADEA)<br>*Demand for Jury Trial* |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Elba del Pozo-Robles brings this civil action pursuant to Title VII of the Civil Rights Act and the Age Discrimination in Employment Act, to remedy acts of employment discrimination perpetrated against her. Plaintiff contends unlawful acts of discrimination because of her age and gender were perpetrated against her by defendant Dr. Juan A. Hernandez Rivera Law Offices, C.S.P. d/b/a Juan A. Hernandez Rivera Law Offices. (Hereinafter "Defendant") which led to her unlawful termination of employment.

2. Plaintiff was subjected to workplace discrimination because of her age and gender, while similarly situated male and under protected age employees were treated more favorably by her employer. Similarly situated male employee Cesar Cruz-Fernandez was kept working, was assigned tasks performed by plaintiff and upon her termination, took the place of plaintiff in work assignments. Various employees under protected age group were not terminated and kept working.

3. Plaintiff respectfully asks the Court to find defendant in violation of Federal Antidiscrimination Laws, specifically Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and Puerto Rico laws, and to award the relief requested below. Defendant violated her rights under Federal and Puerto Rico law, and plaintiff seeks what is fair and just, compensatory, punitive damages, and attorney fees.

## JURISDICTION

4. This Honorable Court has original jurisdiction over Plaintiff's federal claims set forth in this complaint pursuant to 28 U.S.C. §1331 (federal question), and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, and Age Discrimination in Employment Act of 1967, as amended ("ADEA"), as codified 29 U.S.C. §§621-634 (amended in 1984, 1990, the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166), and this Court may also exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (a) because those arise from the same nucleus of operative facts as Plaintiff's federal claims.

5. Venue properly lies before this Court under 28 U.S.C. §1391(b) and 42 U.S.C. Section 2000e-5(f) (3), as plaintiff was employed in Puerto Rico. The plaintiff is a resident of the Commonwealth of Puerto Rico and the acts and/or omissions giving rise to Plaintiff's claim have occurred in this district. A substantial part of the events giving rise to this suit arose on defendant's premises, located in the Commonwealth of Puerto Rico. Accordingly, under 29 U.S.C. §1391 (b) (2), venue lies in this judicial district.

6. Prior to filing this lawsuit, plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), where she charged defendant with discrimination based on age and gender/sex. The charge placed defendant on notice of claims under Federal employment statutes. She received a Notice of Right to Sue, dated September 28, 2018.

## PARTIES

9. Plaintiff Elba del Pozo Robles ("Elba") is a citizen of Bayamon, Puerto Rico and at all relevant times was employed by defendant in the Commonwealth of Puerto Rico. At all times relevant, she was also assigned to work as Attorney for the defendants and worked under direct supervision of Juan A. Hernandez Rivera. She resides in the judicial District of Puerto Rico. Plaintiff's mailing address is Urb. Rio Hondo I, Calle Rio Bayamon H 8, Bayamon, Puerto Rico 00961, with telephone number (787) 634-1607.

10. Defendant Dr. Juan A. Hernandez Rivera Law Offices, C.S.P. d/b/a Juan A. Hernandez Rivera Law Offices ("Defendant") is a *for-profit* professional corporation registered with the Puerto Rico Department of State, registration no. 3691. Its registered resident agent is Juan A. Hernandez Rivera, with mailing address PO Box 367059, San Juan, PR 00936-7059, and physical address Urb. Santa Rosa, 51-44 Ave. Main, Bayamon, PR 00959-6636. At all relevant times, the plaintiff was supervised by defendant and worked under direct supervision of Juan A. Hernandez Rivera, who treated her unfavorably because of her age and her gender. Defendant is vicariously liable for plaintiff's supervisors' unlawful actions and omissions.

11. Plaintiff reserves de right to amend this Complaint, if necessary, to include other employer's supervisors and/or entities that could be held vicariously liable for defendant's actions.

12. Defendants are employees, agents, supervisory personnel and were, at all times material to this Complaint, acting in the course and scope of employment. Defendants participated in and/or directed the unlawful violations alleged herein or knew of the violations and failed to act to prevent. All individual defendants are jointly liable for monetary damages alleged herein.

## FACTUAL ALLEGATIONS

13. Plaintiff Elba Del Pozo Robles, a female employee, was employed by defendant Dr. Juan A. Hernandez Rivera Law Offices, C.S.P. d/b/b Juan A. Hernandez Rivera Law Offices on November 25, 2002. She worked for defendant for approximately fifteen (15) years. At all relevant times related to the acts of discrimination alleged in this Complaint, she was over forty (40) years of age. She held the position of Attorney and reported to Juan A. Hernandez Rivera.

14. On December 22, 2017, plaintiff was placed on indefinite work suspension without pay. While similarly situated male employee Cesar Cruz-Fernandez kept his employment and was not put on indefinite work suspension. Plaintiff was treated differently than Cesar Cruz, because of her gender. She was subjected to adverse employment action by the defendant.

15. On January 12, 2018, plaintiff was subject to unlawful termination of employment.

16. Defendant relied on a *pretextual* excuse alleging a reduction in personnel.

17. Defendant, however, retained employed less experienced, younger (under PAG) employees, including similarly situated male employees.

18. Similarly situated male employee Cesar Cruz-Fernandez, who is approximately 10 years younger than the plaintiff, under her protected age group, and was hired by defendant *after* the plaintiff, who worked for defendant approximately five years less than the plaintiff and has less experience, was kept employed by defendant with full-time employment, regular schedule and benefits.

19. Shortly after plaintiff's January 12, 2018, termination of employment, defendant *rehired* under protected age group employee and attorney Joelys Hernandez, who is approximately fifteen (15) years younger than the plaintiff and is less experienced.

20. Defendant unlawfully discriminated against the plaintiff by selectively keeping employed similarly situated male employees and selectively rehiring under plaintiff's protected age group employees. Defendant failed to notify plaintiff of rehiring option nor request she returns.

21. Defendant has a history of treating male employees better than female employees. Back on August 2015, employees 40-hour workweek schedule was reduced to a 24-hour schedule. On January 2017, defendant selectively placed similarly situated male employee Cesar Cruz on a full-time work schedule. While plaintiff was kept with the reduce work-schedule.

22. Defendant failed to treat the plaintiff gender neutral, and selective sought to exclude her from the workplace, while treating a similarly situated male employee better and allowing the less experienced employee to remain working, and/or selectively rehiring them.

23. At all relevant times, plaintiff was qualified for her position and defendant had the need for her services. Shortly after plaintiff's unlawful termination of employment, similarly, situated male employees and under her protected group employees were assigned to take on matters previously handled by the plaintiff. Defendant had the need for plaintiff's services.

24. The employer's alleged reason for her indefinite unpaid work suspension and later unlawful termination of employment was a *pretext* for age and gender discrimination. Defendant had the need for her services yet treated her less favorably because of her age and/or her gender.

25. The plaintiff suffered willful sex-based/gender discrimination in the workplace because she was treated unfavorably by the employer, because she was a woman. She was treated less favorably than her male counterparts. Defendant broke the law by allowing a similarly situated male employee to continue working and take on tasks and matters assigned to the plaintiff. Plaintiff had worked longer for defendant and had greater experience, yet she was not treated equally.

## Administrative Exhaustion

26. Plaintiff filed an EEOC Complaint charging defendant with age and gender discrimination. The EEOC issued a Notice of Right to Sue, and the Plaintiff has filed this civil action within 90 days of her receipt of Agency's notice. Accordingly, plaintiff has exhausted administrative remedies pursuant to 42 U.S.C. §2000e-5 and this Complaint is properly filed. The Plaintiff comes before this Court to seek what is deemed to be fair and just, thru reasonable compensation for her damages as a result of her employer's unlawful work practices.

## CAUSES OF ACTIONS

### COUNT I: Gender Discrimination/Violation of Title VII of the Civil Right Act

27. The foregoing paragraphs are realleged and incorporated by reference herein.

28. Defendants' conduct as alleged at length herein constitutes discrimination based on *gender* in violation of Title VII. The stated reason for defendant's actions were not the true reasons, but instead were *pretext* to hide defendant's discriminatory *animus*.

29. Defendant's conduct constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. Title VII prohibits employers from discriminating against an employee on the basis of her gender and also prohibits retaliation against an employee who asserts her rights under the law. Title VII also prohibits workplace disciplinary practices that may have a

*disproportionate* impact on a protected group of people, including *females*. Defendant's conduct violates statutory prohibition of employment retaliation. 29 USCA §215 (a) (3).

30. Defendants failed to *timely* incorporate the plaintiff back to work.

## COUNT II: Violation of the Age Discrimination in Employment Act (29 U.S.C.A. §621 et. seq.)

31. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

32. The Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C.A. §621et. seq., makes it illegal to discriminate against qualified persons at work because of their age. The plaintiff was over forty (40) years of age at the time of the adverse employment action.

33. During plaintiff's involuntary exclusion from work, employees who were much younger and with less experience, who were outside plaintiff's protected age group, were allowed to continue performing plaintiff's work. Defendant's reason for adverse employment action is a *pretext* to conceal employer's *animus* to engage in age discrimination.

34. Defendant discriminated against the plaintiff on the basis of her *age*.

35. Defendants are jointly and severally liable.

## COUNT III: Violation of Commonwealth of Puerto Rico Laws

36. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

### Gender Discrimination

37. Puerto Rico's Act No. 100, approved on June 30, 1959, as amended, is Puerto Rico's Employment Anti-Discrimination Act ("Ley Contra el Discrimen en el Empleo"). It prohibits discrimination by the employer based on an employee's *gender*. 29 L.P.R.A. §146. Specifically, it prohibits employers from taking adverse action against an employee because of her sex, with regards to the terms and conditions of employment, refusing to keep or reincorporate

employee into a job, willful deprivation of employment and/or taking adverse actions that negatively affect employment status. It also creates a *presumption*.

## Age Discrimination

38. Puerto Rico's Act No. 100, approved on June 30, 1959, as amended, is Puerto Rico's Employment Anti-Discrimination Act ("Ley Contra el Discrimen en el Empleo"). It prohibits discrimination by employer based on an employee's age. 29 L.P.R.A. §146. Specifically, it prohibits employers from taking adverse action against an employee because of her *age*, with regards to the terms and conditions of her employment, refusing to keep or reincorporate employee into her job, willful deprivation of employment and/or taking adverse actions that negatively affect her employment status. It also creates a *presumption* against the employer. In this case, the plaintiff belonged to a protected class of employees over 40 years of age, she was qualified for her job, unlawfully deprived of her job and was replaced by a young person outside of her protected class.

## Wrongful Termination

39. The foregoing paragraphs are realleged and incorporated by reference herein.

40. The defendant's conduct as alleged at length herein constitute wrongful termination of plaintiff's employment. In the absence of a *justifiable cause*, the stated reasons for defendant's conduct were not the true reasons, but instead *pretext* to hide defendant's discriminatory *animus* to remove the plaintiff because of her age and gender.

41. Puerto Rico's Act No. 80, approved on May 30, 1976, as amended, prohibits employer's wrongful termination without *just cause* in the Commonwealth of Puerto Rico. 29 L.P.R.A. §185a. The employer sought to eliminate the plaintiff. In addition, the alleged misconduct fails to meet the justified standard by the law, which is *repeated* misconduct or a *pattern* of misconduct which demonstrates disregard for company policies, and Courts have upheld that a single event, absent grave consequence, should not trigger termination. Defendant continued operating and continued handling matters previously assigned to plaintiff, with young employees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court declares that Defendant's conduct was illegal and in violation of legal statutes herein identified, and that it grants Plaintiff the following remedies:

A. That this Honorable Court issues a Declaratory Judgment declaring that Defendant's actions and/or omissions violate applicable law.
B. That this Honorable Court award Plaintiff all loss benefits, and other equitable relief.
C. That this Honorable Court enjoins Defendant from engaging in additional discrimination and retaliation against the Plaintiff.
D. That this Honorable Court award **compensatory and general damages** in the amount of **$1,000,000.00** against all Defendants sued in their individual and/or representative capacities, for the Plaintiff, or an amount to be determined according to proof during the trial, as a remedy for the mental and emotional distress and discomfort that Plaintiff suffered, as provided by laws of the United States and the Commonwealth.
E. That this Honorable Court award exemplary and **punitive damages** in the amount of **$1,000,000.00** against all Defendants sued in their individual and/or representative capacities, or an amount to be determined at trial, in light of Defendant's willful, wanton, and malicious acts with conscious disregard and indifference to her rights.
F. That this Honorable Court award Plaintiff her costs, expenses, and attorney's fees.
G. Pre-judgment interest; and as indicated above, the Plaintiff seeks *compensatory* damages, *statutory* damages, *punitive* damages, *injunctive relieve* and any other relief this Court deems equitable, just and appropriate.

## JURY DEMAND

Plaintiff respectfully requests a *jury trial* on all issues triable to a jury.

In San Juan, Puerto Rico, on this 22st. Day of December 2018.

Respectfully submitted,

/S/ Humberto Cobo-Estrella
Humberto Cobo-Estrella, Esq.
**USDC-PR230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: *hcobo@hcounsel.com*

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing pleading will be served upon all parties for whom counsel has not yet entered an appearance electronically.

      /S/ Humberto Cobo-Estrella, Esq.
      *Attorney for the Plaintiff*